**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

VALDO K. VAHER,
               Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
               Agency.

DOCKET NUMBERS
NY-0752-12-0174-C-1
NY-1221-12-0191-C-1

DATE: February 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alan E. Wolin</u>, Esquire, Jericho, New York, for the appellant.

<u>Jack P. DiTeodoro</u>, Esquire, Brooklyn, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed petitions for review of the compliance initial decisions in MSPB Docket No. NY-1221-12-0191-C-1 and MSPB Docket No. NY-0752-12-0174-C-1, which denied his petitions for enforcement of the settlement agreement resolving both appeals. We JOIN these appeals for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

adjudication pursuant to 5 C.F.R. § 1201.36.[2]  For the reasons that follow, we GRANT the petitions for review, REVERSE the compliance initial decisions as to the restoration of the appellant's annual leave, AFFIRM the compliance initial decisions AS MODIFIED as to the replacement of the appellant's badge, credentials, and cap device, and REFER the matter to the Office of General Counsel to obtain agency compliance.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        To resolve the appellant's prior individual right of action and removal appeals, the parties entered into a settlement agreement, wherein, among other things, the agency agreed to restore the appellant to status quo ante and to provide the appellant his "previous shield and credentials to the extent that they can be located."  MSPB Docket No. NY-1221-12-0191-C-1 (0191-C-1), Compliance File (CF), Tab 1 at 5-8; MSPB Docket No. NY-0752-12-0174-C-1 (0174-C-1), CF, Tab 1 at 6-9.  The administrative judge entered the agreement into the record for enforcement purposes and dismissed the appeals as settled.  MSPB Docket No. NY-1221-12-0191-W-1 (0191-W-1), IAF, Tab 37, Initial Decision; MSPB Docket No. NY-0752-12-0174-I-1 (0174-I-1), IAF, Tab 47, Initial Decision.

¶3        The appellant subsequently filed petitions for enforcement in both appeals, alleging that the agency was in noncompliance with paragraph 2(b) of the settlement agreement, which required the agency to "restore the appellant to status quo ante with no break in service."  0191-C-1, CF, Tab 1; 0174-C-1, CF, Tab 1.  Specifically, the appellant argued that the agency had failed to: (1) restore 139.25 hours of annual leave that he had accrued in excess of 240 hours at the end of fiscal year 2012; and (2) return or provide replacements of his

---

[2] The joinder of two or more appeals filed by the same appellant is appropriate where doing so would expedite processing of the cases and will not adversely affect the interests of the parties.  *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2), (b).

badge, credentials, and cap device.[3]  0191-C-1, CF, Tab 1 at 2-3; 0174-C-1, CF, Tab 1 at 3-4.  The agency responded that it had complied with the terms and intent of the settlement agreement.  0191-C-1, CF, Tab 3 at 3; 0174-C-1, CF, Tab 3 at 3.  The administrative judge denied the petitions for enforcement, finding that the agency was in compliance with the settlement agreement because there was nothing in the record to suggest either that the agency agreed to reimburse the appellant in excess of the allowable 240 hours of annual leave or to reproduce his badge or credentials if the originals could not be found.  0191-C-1, CF, Tab 5, Compliance Initial Decision (CID) at 6; 0174-C-1, CF, Tab 5, CID at 6.  The appellant has filed petitions for review of the compliance initial decisions, reasserting the arguments raised below.  0191-C-1, Petition for Review (PFR) File, Tab 1 at 4-5; 0174-C-1, PFR File, Tab 1 at 4-5.  The agency has not responded.

¶4        A settlement agreement is a contract, and the Board will adjudicate an enforcement proceeding relevant to a settlement agreement in accordance with contract law.  *Rivera v. U.S. Postal Service*, 107 M.S.P.R. 542, ¶ 4 (2007).  Where a term of art is used in a settlement agreement, the Board will apply the ordinary meaning of that term found in case law, statute, or regulation, unless it is shown that the parties intended otherwise.  *Sweet v. U.S. Postal Service*, 89 M.S.P.R. 28, ¶ 11 (2001); *see Bergquist v. Department of the Interior*, 99 M.S.P.R. 516, ¶ 9 (2005).  In the instant case, the parties agreed to restore the appellant to status quo ante without defining the term.  0191-C-1, CF, Tab 1 at 6; 0174-C-1, CF, Tab 1 at 7.  We find that status quo ante is a term of art, and, accordingly, we will apply its ordinary meaning unless there is some indication that the parties intended otherwise.  *See Bergquist*, 99 M.S.P.R. 516, ¶ 8 ("back pay" is a term of art).

---

[3]  We note that the parties appear to use the words "badge" and "shield" interchangeably.  We further note that it is unclear, and the parties have not explained, what the term "cap device" entails.

¶5 The Board typically construes "status quo ante" in accordance with the Back Pay Act, 5 U.S.C. § 5596. *See id.*; *see also Forrest v. Department of Agriculture*, 74 M.S.P.R. 213, 219-21 (1997). In the instant case, we discern no indication that the parties intended to accord this term any other meaning.[4] We further find that the Back Pay Act applies to the appellant, as he was an employee of the agency. *See* 5 C.F.R. § 550.803; *see also* 0174-I-1, IAF, Tab 32 at 14 (Standard Form 50). Thus, because the appellant is an employee to whom the Back Pay Act applies and the agreement reveals no contrary intent, we find that the Back Pay Act governs the appellant's entitlement to be returned to status quo ante.[5] *See Bergquist*, 99 M.S.P.R. 516, ¶ 8; *see also Kellihan v. Department of the Navy*, 72 M.S.P.R. 47, 50 (1996).

¶6 As discussed above, the appellant alleges that the agency is in noncompliance with paragraph 2(b) of the settlement agreement because it has not restored 139.25 hours of his accrued annual leave. 0191-C-1, PFR File, Tab 1 at 4-5; 0174-C-1, PFR File, Tab 1 at 4-5. The agency does not dispute that the

---

[4] Our finding that the agreement does not indicate any contrary intent is further supported by the language of the settlement agreement, which closely parallels the applicable provisions of the Back Pay Act. Specifically, both the settlement agreement and the Back Pay Act articulate intent to return the reinstated employee to the position he would have been in but for the personnel action at issue. The settlement agreement provides that the appellant was "entitled to all benefits and privileges of employment that he would have received had he not been removed[.]" *See* 0191-C-1, CF, Tab 1 at 6; 0174-C-1, CF, Tab 1 at 7. Likewise, the Back Pay Act provides that, when an adverse action is corrected, the employee is entitled the pay, allowances, or differentials he "would have earned or received during the period if the personnel action had not occurred." 5 U.S.C. § 5596(b)(1).

[5] Although the Back Pay Act requires a finding that the personnel action was unwarranted or unjustified, such a finding is not necessary under the circumstances here. *See Bergquist*, 99 M.S.P.R. 516, ¶ 9. The basis for the appellant's entitlement to back pay is the settlement agreement and not the statute. *Id.* Where there is no indication that the parties intended otherwise, the Board has interpreted provisions for back pay in a settlement agreement to mean payment consistent with the Back Pay Act without requiring a finding that the personnel action was unwarranted or unjustified. *See id.*; *see also Carter v. U.S. Postal Service*, 89 M.S.P.R. 45, ¶ 20 (2001).

appellant had 379.25 hours of accrued annual leave at the end of fiscal year 2012, but states that he could only carry over a maximum of 240 hours to the next fiscal year.  0191-C-1, CF, Tab 3 at 3; 0174-C-1, CF, Tab 3 at 3.  Under the Back Pay Act, however, status quo ante relief requires restoration of annual leave in excess of the maximum leave accumulation permitted by law.  5 U.S.C. § 5596(b)(1)(B)(i); *see* 5 C.F.R. § 550.805(g); *see also Hawkins v. U.S. Postal Service*, 56 M.S.P.R. 633, 638-39 (1993).  Pursuant to the Office of Personnel Management's implementing regulations, the agency must credit any annual leave in excess of the maximum leave accumulation authorized by law to a separate leave account for use by the appellant within 2 years after the date on which the annual leave is credited to the separate account.  5 C.F.R. § 550.805(g)(1).  Because the agency's obligation under the settlement agreement to return the appellant to status quo ante requires the return of all annual leave in excess of the maximum leave accumulation, we find that the agency is not in compliance with paragraph 2(b) of the settlement agreement.

¶7      The appellant also alleges that the agency is in noncompliance with paragraph 2(b) because it has failed to return or replace his pre-dismissal badge, credentials, and cap device.  0191-C-1, PFR File, Tab 1 at 4-5; 0174-C-1, PFR File, Tab 1 at 4-5.  Below, the agency responded that it had complied with paragraph 2(n) of the settlement agreement by attempting to locate the appellant's badge and credentials because the settlement agreement only required the agency to provide his badge and credentials "to the extent that they can be located."  0191-C-1, CF, Tab 3 at 3; 0174-C-1, CF, Tab 3 at 3.  We agree with the administrative judge that paragraph 2(n) of the settlement agreement does not impose an obligation on the agency to provide the appellant with his prior badge and credentials if they cannot be located, nor does it impose an obligation on the agency to duplicate them.  0191-C-1, CID at 5-6; 0174-C-1, CID at 5-6.  We note, however, that the administrative judge did not consider the appellant's argument that the agency's failure to return his badge and credentials violated paragraph

2(b), i.e., constituted a failure to restore him to status quo ante. *See id.* This was error. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and legal reasoning, as well as the authorities on which that reasoning rests). We therefore will consider it now.

¶8        Placing the appellant in status quo ante means restoring him, as nearly as possible, to the situation he would have been in had the wrongful personnel action not occurred. *Tubesing v. Department of Health & Human Services*, 112 M.S.P.R. 393, ¶ 5 (2009). While the Board does not require perfect consistency with all aspects of an appellant's pre- and post-removal positions, a return to status quo ante requires that the agency place the appellant in a position with all the essential privileges of his previous position. *Black v. Department of Justice*, 85 M.S.P.R. 650, ¶ 6 (2000). In *Black*, the Board held that a criminal investigator's law enforcement badge and credentials must be returned as part of the agency's obligation to return her to status quo ante because they were a privilege of the position, even though the agency contended they were not needed for her new assignment. *Id.* In the instant case, however, the appellant does not argue that the agency has failed to issue him a badge, credentials, and/or cap device carrying the same privileges that he had before the removal; rather, he argues that the agency has failed to return or provide replacements of his specific badge number, credentials, and cap device. *See* 0191-C-1, PFR File, Tab 1 at 4-5; 0174-C-1, PFR File, Tab 1 at 4-5. Absent any allegation that the appellant has been deprived of some privilege of his pre-removal position, he has failed to show noncompliance insofar as the agency has not returned or made exact copies of his pre-dismissal badge, credentials, and cap device.

## ORDER

¶9        We ORDER the agency to submit to the Clerk of the Board within 20 days of the date of this decision satisfactory evidence of compliance with this decision.  The agency's submission must include proof that it credited the appellant with all annual leave he would have accrued but for the removal action to his annual leave account, or to a separate leave account, if necessary, as provided in 5 C.F.R. § 550.805(g).  The agency must serve all parties with copies of its submission.  If the agency has not fully complied, it must show cause why sanctions, pursuant to 5 U.S.C. § 1204(a)(2) and (e)(2)(A) and 5 C.F.R. § 1201.183, should not be imposed.

## NOTICE TO THE APPELLANT

You may respond to the agency's evidence of compliance within 15 days of the date of service of that evidence.  If you do not respond, the Board will assume you are satisfied and will dismiss the petition for enforcement as moot.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or 38 U.S.C. § 4324(c)(4).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the Clerk of the Board.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS IN
MSPB DOCKET NO. NY-0752-12-0174-C-1**

This is the Board's final decision as to the appellant's allegation of agency noncompliance in failing to fully credit his annual leave. The initial decision, as supplemented by this Final Order, constitutes the Board's final decision as to the appellant's allegation of agency noncompliance in failing to return or provide exact replicas of his pre-dismissal badge, credentials, and cap device. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS IN
MSPB DOCKET NO. NY-1221-12-0191-C-1**

This is the Board's final decision as to the appellant's allegation of agency noncompliance in failing to fully credit his annual leave.  The initial decision, as supplemented by this Final Order, constitutes the Board's final decision as to the appellant's allegation of agency noncompliance in failing to return or provide exact replicas of his pre-dismissal badge, credentials, and cap device.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

FOR THE BOARD:                           _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.